**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DALON STEVENS, | ) | |
| | ) | No. 13 CV 04446 |
| Plaintiff, | ) | |
| v. | ) | Judge Castillo |
| | ) | |
| MICHAEL BUBACZ, Individually, and | ) | Magistrate Judge Kim |
| MICHAEL BUBACZ, as an Employee | ) | |
| and Agent of the CHICAGO POLICE | ) | |
| DEPARTMENT, and the CITY OF | ) | |
| CHICAGO, a municipal corporation | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT MICHAEL BUBACZ'S ANSWER TO PLAINTIFF'S COMPLAINT,
AFFIRMATIVE DEFENSES, AND JURY TRIAL DEMAND**

Defendant, Officer Michael Bubacz, by and through his attorneys, for his answer to

Plaintiff's Complaint, states as follows:

1.      This action seeks damages under federal law, Title 42 U.S.C. Section 1983, for

defendants' action on June 18, 2012, which violated plaintiff's rights under the Fourth and

Fourteenth Amendments to the United States Constitution.  Further, this action seeks attorney fees

pursuant to Title 42 U.S.C. Section 1988 (b).

**ANSWER**:      **Officer Bubacz admits that this action seeks damages pursuant to 42 U.S.C. §
1983 and fees pursuant to Title 42 U.S.C. Section 1988(b) but denies that he
violated Plaintiff's rights.**

**JURISDICTION AND VENUE**

2.      The jurisdiction of this court is invoked pursuant to Title 28 U.S.C. Sections 1331
and 1343, and the Fourth and Fourteenth Amendments to the United States Constitution, and
venue in this District is predicated upon Title 28 U.S.C. Section 1391(b) as all events giving rise to
the claims asserted herein took place within this Northern District of Illinois, and upon information
and belief, all parties reside in this judicial district.  This court also has supplemental jurisdiction over
the state law claims under 28 U.S.C. Section 1367, as they are so related to the allegations brought

under this Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

**ANSWER**: **Officer Bubacz admits that this Court has jurisdiction pursuant to 28 U.S.C. §**

**1331. Officer Bubacz further admits that venue is proper as all events giving rise to the**

**claims asserted took place within the Northern District of Illinois and upon information and**

**belief all parties reside in this judicial district.**

## PARTIES

3.      Dalon Stevens is the plaintiff in this case.  He was over the age of eighteen at the time this Complaint was filed.  He was seventeen years of age at the time the events described in this Complaint occurred on June 18, 2012.  At all times material hereto, Dalon Stevens was a resident of the city of Chicago, the County of Cook, state of Illinois in this District

**ANSWER**: **Officer Bubacz lacks knowledge or information sufficient to form a belief as**

**to the truth of the allegations in this Paragraph.**

4.      Shanita Stevens is the mother of Dalon Stevens.  She was over the age of eighteen at the time the events material to this Complaint occurred.

**ANSWER**: **Officer Bubacz lacks knowledge or information sufficient to form a belief as**

**to the truth of the allegations in this Paragraph.**

5.      Defendant, MICHAEL BUBACZ, was a Chicago Police Officer, employed by the Chicago Police Department and the city of Chicago.

**ANSWER**: **Officer Bubacz admits the allegations in this Paragraph.**

6.      Defendant, CITY OF CHICAGO, was and is a municipal corporation in the state of Illinois.  CITY OF CHICAGO operated and administered the Chicago Police Department. CITY OF CHICAGO is the employer of Defendant MICHAEL BUBACZ through the Chicago Police Department

**ANSWER**: **Officer Bubacz admits the allegations in this Paragraph.**

7.      MICHAEL BUBACZ was acting within the scope of his employment and under color of law as a Chicago Police Office on June 18, 2012.  He and potential other unknown Chicago

Police Officers are sued in their individual capacities as well as their role as an employee of the Chicago Police Department and City of Chicago for violations of Dalon Stevens' constitutional rights.

**ANSWER**:     **Officer Bubacz admits he was acting within the scope of his employment and under color of law at all relevant times on June 18, 2012, but denies that he violated Dalon Stevens' rights.**

## FACTUAL ALLEGATIONS

8.     On June 18, 2012, DALON STEVENS, resided in the city of Chicago, County of Cook, and state of Illinois.

**ANSWER**:     **Officer Bubacz lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.**

9.     Officer MICHAEL BUBACZ, Star no. 5515, and Officer David McGrew, Star No. 12540, were Chicago Police Department police officers and employees of the Chicago Police Department, scheduled to be on duty using a Chicago Police Department vehicle in uniforms of the Chicago Police Department on June 18, 2012 from 6:00 p.m. until June 19, 2012 at 2:00 a.m.

**ANSWER**:     **Upon information and belief, Officer Bubacz admits the allegations of this Paragraph.**

10.     On June 18, 2012 at approximately 7:40 p.m., Dalon Stevens was at or near 6332 S. Rhodes in Chicago, Cook County, Illinois.

**ANSWER**:     **Officer Bubacz admits the allegations of this Paragraph.**

11.     Dalon Stevens was not in possession of a firearm.  He was not in violation of any City of Chicago municipal ordinance or any statute of the State of Illinois or federal statute.

**ANSWER**:     **Officer Bubacz denies the allegations of this Paragraph.**

12.     Officers Bubacz and McGrew were inside a Chicago Police Department vehicle in the alley west of approximately 6332 S. Rhodes.  Officer McGrew was the driver of that vehicle, while Officer Bubacz was sitting in the front passenger seat of the vehicle.

**ANSWER**:     **Officer Bubacz admits the allegations of this Paragraph.**

13.     Officer McGrew drove the police vehicle in the direction of Dalon Stevens and other individuals in the vacant lot at approximately 6332 S. Rhodes.

**ANSWER**:     **Officer Bubacz admits the allegations of this Paragraph.**

14.     Officer Bubacz began a foot chase of individuals, including Dalon Stevens. Officer Bubacz unholstered his Chicago Police Department service weapon, a Smith & Wesson 9 Tactical Model 5943 TSW 9 mm. handgun during the foot chase.

**ANSWER**:     **Officer Bubacz admits the allegations in this Paragraph.**

15.     Officer Bubacz went on foot through a gangway at approximately 6331 S. Rhodes until he reached the north-south alley between Rhodes and St. Lawrence streets.

**ANSWER**:     **Officer Bubacz admits the allegations in this Paragraph.**

16.     Officer McGrew broadcast a radio message alerting other police units of Officer Bubacz's foot pursuit.  In the radio broadcast, Officer McGrew never said any individual, including Dalon Stevens, was in possession of a firearm or other deadly weapon.  Officer McGrew intended for the radio broadcast to result in additional police officers becoming involved in the pursuit of one or more individuals, including Dalon Stevens.

**ANSWER**:     **Officer Bubacz admits that Officer McGrew went over the radio during the pursuit, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph.**

17.     When Officer Bubacz reached the alley described in paragraph 15, he did not see any person in the alley, including anyone he had started to pursue; he did not see Dalon Stevens.

**ANSWER**:     **Officer Bubacz admits the allegations in this Paragraph.**

18.     Officer Bubacz went south in the alley until he reached the area of 6346-6348 S. St. Lawrence.

**ANSWER**:     **Officer Bubacz admits the allegations in this Paragraph.**

19.     Officer Bubacz was standing in the alley behind 6346 S. St. Lawrence, when he saw Dalon Stevens at the front of the gangway between 6346 and 6348 S. St. Lawrence, near the front of

6346 S. St. Lawrence. The width of the gangway was approximately three feet and four inches wide. Each of the two buildings at 6346 and 6348 S. St. Lawrence was two or more stories in height.

**ANSWER**:     **Officer Bubacz lacks knowledge or information sufficient to form a belief as to the truth of the exact width of the gangway. Officer Bubacz admits the remaining allegations of this Paragraph.**

20.     Officer Bubacz was approximately forty feet from the rear of the building at 6346 S. St. Lawrence, when he saw Dalon Stevens. Officer Bubacz was approximately one hundred and twenty feet away from Dalon Stevens, based upon measurements later made by other Chicago Police Department personnel.

**ANSWER**:     **Officer Bubacz admits that he regained sight of Dalon Stevens near 6346 S. St. Lawrence, but lacks knowledge or information sufficient to form a belief as to the truth of what the measurements were that were taken after the shooting by Chicago Police Department personnel.**

21.     Officer Bubacz alleged Dalon Stevens was attempting to scale a wrought iron fence at the front of 6346 S. St. Lawrence. There is an opening at the front of the gangway, allowing an individual to leave the gangway without having to climb a fence.

**ANSWER**:     **Officer Bubacz admits that Dalon Stevens appeared to be attempting to scale a wrought iron fence, but denies that the characterization that there is an "opening at the front of the gangway, allowing an individual to leave the gangway without having to climb a fence."**

22.     The front gate of the fence around the front of 6346 S. St. Lawrence was known to be unlocked on June 18, 2012. Dalon Stevens and other individuals routinely used that gangway and were familiar with the access through the fence and the gangway.

**ANSWER**:     **Officer Bubacz lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.**

23.     When Dalon Stevens was near the front of the gangway between 6346 and 6348 S. St. Lawrence, he held a black, rectangular HTC telephone in his right hand.

**ANSWER**:     **Officer Bubacz lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.**

24.     Officer Bubacz, for the first time, verbally ordered Dalon Stevens to halt. Officer Bubacz held his Chicago Police Department service weapon pointed at Dalon Stevens.

**ANSWER**:     **Officer Bubacz admits that he pointed his service weapon at Dalon Stevens, but denies the remaining allegations in this Paragraph.**

25.     Dalon Stevens complied with Officer Bubacz's police order, turning to face Officer Bubacz and raising his hands in a "surrender" manner above his head, while holding his telephone.

**ANSWER**:     **Officer Bubacz denies the allegations of this Paragraph.**

26.     Officer Bubacz began firing his service weapon at Dalon Stevens. Officer Bubacz fired at Dalon Stevens seven times.

**ANSWER**:     **Officer Bubacz admits that he fired approximately seven times at Dalon Stevens, but denies the sequence of events as alleged in the Complaint.**

27.     One of the seven gunshots from Officer Bubacz's firearm struck Dalon Stevens in his left leg, near his left knee.

**ANSWER**:     **Upon information and belief, Officer Bubacz admits that one of his gunshots struck Dalon Stevens in the left leg, but he lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.**

28.     Officer Bubacz testified under oath that after Dalon Stevens allegedly pointed a handgun at him and Officer Bubacz fired his gun seven times at Dalon Stevens, Dalon Stevens threw his alleged handgun three to four feet into the air.

**ANSWER**:     **Officer Bubacz admits that he testified generally that Dalon Stevens pointed a gun at him and that he fired his gun several times at Dalon Stevens. Officer Bubacz lacks**

**knowledge or information sufficient to form a belief as to the truth of the remaining**

**allegations in this Paragraph.**

29.     After Officer Bubacz shot Dalon Stevens in the leg, Dalon Stevens went through the front gate at 6346 S. St. Lawrence and across the street, before going down to the ground.

**ANSWER**:     **Officer Bubacz admits that Dalon Stevens went through the front gate at 6346**

**S. St. Lawrence, and was apprehended by Officer McGrew as he crossed the street.**

30.     An assisting Chicago Police Department unmarked police vehicle was speeding to the scene.  As that vehicle went north on the 6300 block of S. St. Lawrence, it struck Rodney Stewart, who had been entering the front of the gangway at 6346 S. St. Lawrence. Rodney Stewart then ran away from the gangway when Officer Bubacz was shooting Dalon Stevens.

**ANSWER**:     **Officer Bubacz admits that a Chicago Police Department vehicle was**

**involved in an accident on St. Lawrence near where Dalon Stevens was ultimately**

**apprehended, but lacks knowledge or information sufficient to form a belief as to the truth**

**of the remaining allegations in this Paragraph.**

31.     Dalon Stevens never possessed any type of firearm at the time officer Bubacz ordered him to halt and then began shooting at Dalon Stevens.

**ANSWER**:     **Officer Bubacz denies the allegations of this Paragraph.**

32.     Officer Bubacz testified to the Independent Police Review Authority shortly after this shooting that Dalon Stevens was approximately halfway between the front of the property at 6346 S. St. Lawrence and the alley line of the property at that address, when Officer Bubacz started shooting at Dalon Stevens.

**ANSWER**:     **Officer Bubacz admits that he testified to the Independent Police Review**

**Authority that Dalon Stevens was approximately half way down the lot at the address where**

**the shooting occurred when he began firing. Officer Bubacz denies the allegations in this**

**Paragraph to the extent they mischaracterize his testimony.**

33.     The Chicago Police Department searched for the firearm alleged to have been possessed by Dalon Stevens.  The search included the person of Dalon Stevens, the gangway between 6346-6348 S. St. Lawrence, the rear of both addresses, the roofs of the buildings at those addresses, and the roofs of the garages behind the location Officer Bubacz stood when he shot Dalon Stevens.  The Chicago Fire Department was brought to the scene to provide ladders twenty five feet or more in length to help search for the gun allegedly possessed by Dalon Stevens.

**ANSWER**:     **Officer Bubacz lacks knowledge or information sufficient to form a belief as to the truth of every place that was searched by the Chicago Police Department, but he admits that the Dalon Stevens was searched along with the gangway where the shooting occurred. Officer Bubacz further admits that a fire department ladder truck was brought out to the scene.**

34.     The Chicago Police Department and the Chicago Fire Department personnel never found any gun at the scene or in the area of the shooting.

**ANSWER**:     **Upon information and belief, Officer Bubacz admits the allegations of this Paragraph.**

35.     The Chicago Police Department did seize and inventory a HTC black, rectangular telephone from Dalon Stevens before removing him from the scene by ambulance.  The Chicago Police Department later destroyed that telephone.

**ANSWER**:     **Officer Bubacz admits that an HTC cell phone was inventoried as part of the investigation, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.**

36.     The Chicago Police Department arrested Dalon Stevens for Aggravated Assault of a Police Officer on June 18, 2012, and successfully sought and had approved felony charges against Dalon Stevens for Aggravated Assault of a Police Officer.

**ANSWER**:     **Officer Bubacz admits that Dalon Stevens was arrested, and charged with Aggravated Assault of a Police Officer on June 18, 2012, after the Assistant State's Attorney approved charges.**

37.     The arrest and the felony charges caused Dalon Stevens to suffer an unreasonable search and seizure and have his liberty curtailed as he was placed into custody, until he was found not guilty at trial in 12 CR 12499 in February 2013.

**ANSWER**:     **Upon information and belief, Officer Bubacz admits that Dalon Stevens was found not guilty, but denies the remaining allegations in this Paragraph.**

38.     On June 18, 2012, Dalon Stevens was taken in custody from the area of 6346 S. St. Lawrence by ambulance. He was transported to the University of Chicago Hospital.

**ANSWER**:     **Upon information and belief, Officer Bubacz admits the allegations of this Paragraph.**

39.     At the University of Chicago Hospital, Dalon Stevens required Emergency Department care ands treatment, and his admission into the hospital. Dalon Stevens underwent orthopedic surgery to remove from Dalon Stevens' left leg one of Officer Bubacz's seven fired bullets. The surgery required the placement of two screws to repair the fractured tibia caused by Officer Bubacz' s bullet.

**ANSWER**:     **Officer Bubacz lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.**

40.     The bullet removed from Dalon Stevens' left leg was inventoried by the Chicago Police Department.

**ANSWER**:     **Officer Bubacz lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.**

41.     Qualified forensic ballistic examination of the bullet removed from Dalon Stevens left leg, the seven shell casings recovered from the alley behind 6346-6348 S. St. Lawrence, and Officer  Bubacz's service weapon was done. The fired evidence in the case, including all seven shell casings and the bullet from Dalon Stevens' left leg were determined to have been fired from Officer Bubacz's service weapon.

**ANSWER**:     **Officer Bubacz lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.**

42.     Dalon Stevens experienced pain and suffering as a result of Officer Bubacz shooting him in the left leg.

**ANSWER**:     **Officer Bubacz lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.**

43.     Dalon Stevens has permanent scarring as a result of the gunshot wound and a separate surgical scar from the surgery required to repair the damage from Officer Bubacz's bullet.

**ANSWER**:     **Officer Bubacz lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.**

44.     Dalon Stevens sustained a permanent injury from being shot by Officer Bubacz.

**ANSWER**:     **Officer Bubacz lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.**

## COUNT I: 1983 EXCESSIVE FORCE

45.     Plaintiff, DALON STEVENS, hereby realleges and reincorporates paragraphs one through forty four above, as for the allegations of paragraph forty five.

**ANSWER**:     **Officer Bubacz incorporates and restates his answers to Paragraphs 1-44, as his answer here.**

46.     At all times relevant hereto, Plaintiff, Dalon Stevens, had the right to be free from unreasonable search and seizure, and injury from unreasonable, malicious, excessive, deadly force from state actors such as these defendants as protected by the Fourth and Fourteenth Amendments to the Constitution of the United States.

**ANSWER**:     **Officer Bubacz admits that Dalon Stevens' possessed rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, but denies that his conduct in any way violated these rights.**

47.     As stated above, defendants violated plaintiff, Dalon Stevens' right to be free from unreasonable, malicious, excessive, deadly force when Officer Bubacz shot at Dalon Stevens seven

times and shot Dalon Stevens in the leg one time, and arrested and charged Dalon Stevens with Aggravated Assault of a Police Officer proximately causing injury to Dalon Stevens.

**ANSWER**:      **Officer Bubacz denies the allegations in this Paragraph**.


48.      As a result of defendants' concerted unjustified and excessive use of force, Dalon Stevens, sustained a gun shot wound to the leg, required emergency surgery to remove Officer Bubacz's bullet from Dalon Stevens leg, left permanent scarring to Dalon Steven's leg from the gun shot wound and necessary surgery, and left permanent injury to Dalon Stevens, pain and suffering, as well as extreme emotional distress and anguish.

**ANSWER**:      **Officer Bubacz admits that Dalon Stevens suffered a gun shot wound to the leg, but denies the allegations that his use of force was "unjustified" or "excessive." Officer Bubacz lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations regarding Dalon Stevens' alleged injury and treatment.**


49.      Certain other members of the Chicago Police Department who were involved in the investigation and charging of Dalon Stevens with Aggravated Assault of a Police Officer had the opportunity to prevent the Dalon Stevens arrest and his being charged with Aggravated Assault of a Police Officer, but failed to do so in order to assist Officer Bubacz in his unjustified and excessive use of force.

**ANSWER**:      **Officer Bubacz denies the allegations of this Paragraph.**


50.      The misconduct described in this count by Officer Bubacz and other persons was willful and wanton, it was objectively unreasonable, and it was undertaken intentionally with willful indifference to Dalon Stevens' constitutional rights.

**ANSWER**:      **Officer Bubacz denies the allegations in this Paragraph.**


51.      The misconduct described was undertaken with malice, willfulness, and reckless indifference to the rights of others. The misconduct was the proximate cause of injury to Dalon Stevens.

**ANSWER**:      **Officer Bubacz denies the allegations in this Paragraph.**


## COUNT II: ILLEGAL SEIZURE, FALSE ARREST AND IMPRISONMENT

52.      Plaintiff, DALON STEVENS, hereby realleges and reincorporates paragraphs one through fifty one above, as the allegations of his paragraph fifty two.

**ANSWER**:    **Officer Bubacz incorporates and restates his answers to Paragraphs 1-51, as his answer here.**

53.    The arrest of Dalon Stevens was without probable cause to believe a crime occurred and constituted an illegal seizure, false arrest, and imprisonment. It was a restraint of Dalon Stevens' freedom of movement without just cause and it was an unjust seizure in violation of the Fourth and Fourteenth Amendments. The misconduct was the proximate cause of injury to Dalon Stevens.

**ANSWER**:    **Officer Bubacz denies the allegations in this Paragraph.**

## COUNT III:  SECTION 1983 MONELL CLAIM

**This Count is not plead against Officer Bubacz in his individual capacity and as such he makes no answer thereto. To the extent the allegations in this Count are construed as pled against Officer Bubacz, they are denied.**

## COUNT IV:  MALICIOUS PROSECUTION

63.    Plaintiff, DALON STEVENS, hereby realleges and reincorporates paragraphs one through sixty two above, as for the allegations of paragraph sixty three.

**ANSWER**:    **Officer Bubacz incorporates and restates his answers to Paragraphs 1-62, as his answer here.**

64.    Officer Bubacz, Officer McGrew, and other members and employees of the Chicago Police Department unjustifiably arrested Dalon Stevens for Aggravated Assault if a Police Officer.

**ANSWER**:    **Officer Bubacz denies the allegations in this Paragraph.**

65.    Officer Bubacz, Officer McGrew, and other members and employees of the Chicago Police Department arrested and unjustifiably sought and obtained felony criminal charges against Dalon Stevens for Aggravated Assault of a Police Officer.

**ANSWER**:    **Officer Bubacz denies the allegations in this Paragraph.**

66.    As a result of their conduct in whole or in part, Dalon Stevens was incarcerated at times and his liberty otherwise unlawfully restricted at other times in violation of the Fourth and Fourteenth Amendments.

**ANSWER**:    **Officer Bubacz lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.**

67.    The misconduct described above was the proximate cause of injury to Dalon Stevens.

**ANSWER**:    **Officer Bubacz denies the allegations in this Paragraph.**


## COUNT V:  STATE LAW CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

68.    Plaintiff, DALON STEVENS, hereby realleges and reincorporates paragraphs one through forty four above, as for the allegations of paragraph sixty eight.

**ANSWER**:    **Officer Bubacz incorporates and restates his answers to Paragraphs 1-44, as his answer to Paragraph 68.**

69.    Defendants, individually and jointly, engaged in extreme and outlandish conduct as set forth in this Complaint by, inter alia, shooting at Dalon Stevens, shooting Dalon Stevens in the leg, arresting and charging Dalon Stevens with Aggravated Assault of a Police Officer.

**ANSWER**:    **Officer Bubacz denies the allegations in this Paragraph.**

70.    Defendants intended to subject Dalon Stevens to such conduct to inflict severe emotional distress on him, knowing their conduct would cause Dalon Stevens to suffer from extreme emotional distress.

**ANSWER**:    **Officer Bubacz denies the allegations in this Paragraph.**

71.    As a direct and proximate cause of their conduct, defendants, individually and jointly injured and cause Dalon Stevens to suffer from extreme emotional distress.

**ANSWER**:    **Officer Bubacz denies the allegations in this Paragraph.**

### COUNT VI:  RESPONDEAT SUPERIOR:  STATE LAW CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

72.  Plaintiff, DALON STEVENS, hereby realleges and reincorporates paragraphs one through seventy one above, as for the allegations of paragraph seventy two.

**ANSWER**:  **Officer Bubacz incorporates and restates his answers to Paragraphs 1-71, as his answer to Paragraph 72.**

73.  At relevant times, Officer Bubacz was an employee of the Chicago Police Department and/or the City of Chicago.  The City of Chicago is responsible for each and every act of its employees and agents.

**ANSWER**:  **Officer Bubacz admits that at all relevant times he was an employee of the City of Chicago. Officer Bubacz further admits that the City of Chicago could be directed to pay compensatory damages on a tort judgment against an employee acting within the scope of his or her employment, but denies the incorrect characterization that the City of Chicago is responsible for "each and every act of its employees and agents."**

74.  The described misconduct was the proximate cause of injury to Dalon Stevens.

**ANSWER**:  **Officer Bubacz denies the allegations in this Paragraph.**

### JURY DEMAND

Officer Bubacz demands trial by jury.

### AFFIRMATIVE DEFENSES

1.  Officer Bubacz is entitled to qualified immunity. Officer Bubacz is a government official, namely a police officer, who performed discretionary functions at all relevant times material to the events alleged in Plaintiff's Complaint. A reasonable police officer objectively viewing the facts and circumstances that confronted Officer Bubacz could have believed his actions to be lawful,

in light of clearly established law and the information that he possessed.

2.     As to all state law claims, under the Illinois Tort Immunity Act, Officer Bubacz is not liable for any of the claims alleged because the decision to arrest and charge the Plaintiff was based upon the information and circumstances known to Officer Bubacz at the time, and the decision was a discretionary decision for which he is immune from liability. 745 ILCS 10/2-201 (West 2000).

3.     To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff has a duty to mitigate his damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by a jury in this case.

September 23, 2013                              Respectfully submitted,

                                               *One of the attorneys for Officer Bubacz,*

                                               /s/   Daniel Nixa

City of Chicago Dept. of Law
30 North LaSalle Street
Suite 900
Chicago, Illinois 60602
(312) 744-5890
Attorney No. 6304300


## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2013, I have filed the foregoing Answer, Jury Demand, and Affirmative Defenses, and served the same on all counsel of record through the ECF system.

                                               /s/ Daniel Nixa
                                               Assistant Corporation Counsel